Filed 3/20/25  In re G.S. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re G.S., a Person Coming Under the Juvenile Court Law.<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>William S.,<br><br>      Defendant and Appellant. | B338546<br><br>(Los Angeles County Super. Ct. No. 23CCJP04031A) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Mark A. Davis, Judge.  Appeal dismissed.

Johanna R. Shargel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

Before her detention by the Los Angeles County Department of Children and Family Services (DCFS), G.S., then 15-years-old, lived with William S., her paternal uncle and legal guardian, and his wife, M.A. (aunt). After initial and amended dependency petitions were filed, William S. moved to dissolve the guardianship. While the motion was pending, G.S. reported that William S. had raped her multiple times. The operative second amended petition alleged that William S. and aunt physically abused G.S. (§ 300, subd. (a)); William S. failed to protect G.S. by engaging in sexual abuse (*id.*, subd. (b)(1)); William S. was unwilling or unable to provide care and supervision based on his request to terminate the guardianship (*ibid.*); William S. sexually abused G.S. (*id.*, subd. (d)); and there was no provision for G.S.'s support (*id.,* subd. (g)).

At a combined jurisdiction and disposition hearing, the juvenile court dismissed certain counts but sustained the counts alleging failure to protect, sexual abuse, and no provision for support, and it declared G.S. a dependent. (*Ibid.*) The juvenile court terminated the guardianship and excused William S. from further proceedings.

William S. appeals from the declaration of dependency and jurisdictional findings and the "[a]llegations against Legal Guardian." His appointed counsel filed an opening brief stating that she found no arguable issues. (See *In re Phoenix H.* (2009) 47 Cal.4th 835, 843 (*Phoenix H.*).)

Unlike in a criminal case, we have no duty to conduct an independent review of the record in a dependency case when

---

[1]     We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We summarize the factual and procedural background because the parties are familiar with those details and our opinion is unpublished. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.) Undesignated statutory references are to the Welfare and Institutions Code.

appointed counsel files an opening brief raising no arguable issues and may instead dismiss the appeal. (*In re Sade C.* (1996) 13 Cal.4th 952, 994 (*Sade C.*); accord, *Phoenix H., supra*, 47 Cal.4th at pp. 844–845.) In *Phoenix H.*, our high court concluded that a parent in such a case generally has no right to file his or her own brief setting forth issues for review, "unless the parent can establish good cause by showing that an arguable issue does, in fact, exist." (*Phoenix H., supra,* 47 Cal.4th at p. 845.) "The Court of Appeal is not required to permit the parent to pursue an appeal that has no arguable merit." (*Ibid.*)

William S. filed a supplemental brief but fails to clearly articulate a claim of error. He states that aunt "mistreated and hurt and humiliated" G.S. "a few years ago," and that "[G.S.'s] prosecutors" wanted to pursue abuse allegations against aunt; however, the juvenile court would not allow these allegations. He seems to be contending that G.S. thereafter sought retribution by telling "lies just to harm her aunt through [William S.]," but he does not describe any particular falsehood.

We find that William S. has not made a showing of good cause that an arguable issue exists. (*Phoenix H., supra*, 47 Cal.4th at p. 846.) He furnishes no cogent argument with supporting legal authorities or record citations for any purported claims of error. (See *Sade C., supra*, 13 Cal.4th at p. 994 [parents must "'present argument and authority on each point made'"].) Because he has not established an arguable issue exists, the appeal is dismissed. (*Phoenix H., supra*, 47 Cal.4th at pp. 844–845.)

Even if we were to construe the supplemental brief as arguing that the juvenile court erred in crediting G.S.'s description of the sexual abuse, we would affirm the jurisdictional order. We review a juvenile court's jurisdictional findings for substantial evidence, which is "evidence that is reasonable, credible and of solid value. [Citations.] We do not evaluate the credibility of witnesses, attempt to resolve conflicts

in the evidence or determine the weight of the evidence.  Instead, we draw all reasonable inferences in support of the findings, view the record favorably to the juvenile court's order and affirm the order even if there is other evidence supporting a contrary finding.  [Citations.]  The appellant has the burden of showing there is no evidence of a sufficiently substantial nature to support the findings or order.  [Citation.]" (*In re R.V.* (2012) 208 Cal.App.4th 837, 843.)

William S. admitted that he placed a hidden recording device in the bathroom G.S. used.  Aunt developed suspicions of his inappropriate conduct with G.S. that were grave enough that she made a report to law enforcement and placed hidden cameras around the house to "see if anything was going on between them." William S.'s adult son reported that watching a video of his father hugging G.S. "'gave him the chills'" because of the "weird position [in] the way he hugged her[,] and it made him feel uncomfortable, especially with his dad being older and G.S. being a young girl."  G.S. described to a DCFS investigator incidents beginning in July 2023 where William S. joined her in her bed, kissed her, and touched her genitals, and she described four acts of intercourse that took place at a hotel.  Thus, substantial evidence supported the juvenile court's finding that William S. sexually abused and failed to protect G.S.

## DISPOSITION

The supplemental brief by William S. shall be marked as received but not filed.  The appeal is dismissed.


MORI, J.

We concur:


ZUKIN, Acting P. J.


COLLINS, J.